FILED
RECEIVED

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

2020 JUL -6  PM 12: 19

MYERS FLORIDA

| | |
|---|---|
| DISH Network L.L.C. et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action  No. 1:13-cv-05826 |
| Thieu Quang Dam | ) |
| *Defendant* | ) 2:20-mc-11-FtM-29NPM |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*      10/17/2013      .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:      05/18/2020

CLERK OF COURT

Signature of Clerk or Deputy Clerk

# *United States District Court*

### *Northern District of Illinois*
### *Eastern Division*

I, Thomas G. Bruton, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed documents(s) is (are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

**IN TESTIMONY WHEREOF**:

I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on _____ MAY 1 8 2020 _.

THOMAS G. BRUTON, CLERK

By: _____

Deputy Clerk



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DISH NETWORK L.L.C., )
ECHOSTAR TECHNOLOGIES L.L.C., )
and NAGRASTAR LLC, )
)
        Plaintiffs, )
)    Case No. 1:13-cv-05826
   v. )    Honorable Milton I. Shadur
)
THIEU QUANG DAM, )
)
        Defendant. )
)

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

## I.   NATURE OF THE CASE

1.     Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively, "DISH Network") brought this action against Defendant Thieu Quang Dam for unlawfully circumventing the DISH Network security system and intercepting encrypted, copyrighted, subscription-based DISH Network satellite television programming. Defendant accomplished this in part by subscribing to a pirate television service known as Nfusion Private Server ("NFPS"). The NFPS service provided Defendant with the control words needed to decrypt DISH Network's satellite signal and view DISH Network programming without authorization from or payment to DISH Network.

2.     Defendant was properly served with a copy of the summons and complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time allowed. DISH Network submitted evidence that Defendant is not an infant, not an incompetent person, and not on active duty in the military or otherwise exempted under the Servicemembers' Civil Relief Act.

3. As a result of Defendant's failure to answer, or otherwise appear in this action, the Court accepts as true the following well pled allegations in DISH Network's complaint:

(a) DISH Network is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million subscribers via a direct broadcast satellite system. DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Dkt. 1, ¶¶ 9-10.)

(b) DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights. The works broadcast on the DISH Network platform are copyrighted. DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 11-12.)

(c) DISH Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites in geo-synchronous orbit above Earth. The satellites then relay the encrypted signal back to Earth where it can be received by DISH Network subscribers that have the necessary equipment. (Dkt. 1, ¶ 13.)

(d) The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission known as the entitlement control message and forwards that message to the NagraStar smart card. Provided that the subscriber is tuned to a channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word. The control word is

2

transmitted back to the receiver in order to decrypt the DISH Network satellite signal. (Dkt. 1, ¶¶ 17-18.)

(e)    NFPS is an Internet key sharing ("IKS") service that provides end-users the control words needed to descramble DISH Network television programming without authority and without payment of a subscription fee to DISH Network. (Dkt. 1, ¶ 25.)

(f)    Defendant violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520, as alleged in Count III, by obtaining DISH Network's control words through the NFPS IKS service and using them to intentionally intercept DISH Network programming. (Dkt. 1, ¶¶ 26-27, 39-41.)

4.    In accordance with 18 U.S.C. §§ 2511(1)(a) and 2520, DISH Network requested statutory damages of $10,000, a sum certain, for Defendant's interception of DISH Network's encrypted satellite signal.

5.    DISH Network has agreed to dismiss with prejudice Count I alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), and Count II alleging violations of the Communications Act, 47 U.S.C. § 605(a), so that a final judgment may be entered in this case.

## II.    FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of the Defendant, the Court, having reviewed the record, evidence, and applicable law in this matter, hereby **ORDERS** as follows:

(1)    Defendant and anyone acting in active concert or participation with, or at the direction or control of Defendant, is hereby permanently enjoined from:

3

A.     circumventing or assisting others in circumventing DISH Network's security system, or otherwise intercepting or assisting others in intercepting DISH Network's satellite signal;

B.     testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system.

(2)     This permanent injunction takes effect immediately.

(3)     Judgment is entered in favor of DISH Network on Count III of the complaint alleging violations of 18 U.S.C. §§ 2511(1)(a) and 2520.

(4)      Statutory damages in the amount of $10,000 are awarded to DISH Network in accordance with 18 U.S.C. § 2520(c)(2)(B).

(5)     Counts I and II of the complaint are dismissed with prejudice.

(6)     The Court retains jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

It is so ORDERED.

SIGNED and ENTERED this _17_ day of ___October___, 2013.

Honorable Milton I. Shadur
United States District Judge

4